UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN DOMINGO and SARAH DOMINGO, Plaintiffs, | ) ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-219-PPS-JEM ) |
| THE RV FACTORY, LLC, Defendant. | ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Extend Discovery Deadline [DE 41] filed on June 29, 2018. Plaintiffs seek a 60-day extension to the discovery period. Defendant The RV Factory, LLC filed a response on July 13, 2018, agreeing to a 60-day extension but under limited conditions. On July 20, 2018, Plaintiffs filed a reply.

**I.      Background**

Plaintiffs in this case allege negligence, breach of warranties and breach of contract relating to their purchase of a recreational vehicle ("RV") from Defendant. Discovery closed on June 29, 2018, the date of the instant Motion. Plaintiffs seek a general extension of discovery, but the parties' dispute centers on two Rule 30(b)(6) depositions.

First, Plaintiffs attempted to depose Lippert Components, Inc. ("Lippert"), a non-party. On June 7, 2018, Plaintiffs served Lippert with a Notice of Deposition. Plaintiffs represent that Lippert objected to the date and the scope of the examination and refused to cooperate in selecting an alternate date. In its response to the instant Motion, Defendant attached a copy of correspondence between counsel for Lippert and counsel for Plaintiffs, in which counsel for Plaintiffs stated that he would seek to add Lippert as a party and "renotice the Deposition after you file responsive

1

pleadings." Defendants argue that this statement released Lippert from the subpoenas and the Notice of Deposition. Plaintiffs did seek to add Lippert as a party and amend the Complaint, but the motion was denied on July 10, 2018.

On June 22, 2018, Plaintiffs deposed Defendant's Rule 30(b)(6) representative, Pete Bundy. Bundy was only able to testify to questions on ten of the fourteen topics identified in the Notice of Deposition, and Plaintiffs argue that his responses were inadequate as to several topics he did address. Plaintiffs want to retake the deposition without limitation, but Defendant argues that Plaintiffs should only be allowed to take an additional deposition relating to the topics to which Bundy could not respond.

Plaintiffs also agreed to depose a non-party witness, Shannon Hunter, but the deposition could not proceed because of a conflict with child care. The parties agree that an extension should be given as to Hunter's deposition. Finally, Plaintiffs seek leave to take additional discovery, as yet undefined, based on the testimony they intend to elicit from Defendant, Lippert, and Hunter.

**II.    Analysis**

When an extension to a deadline is sought before the deadline has passed, as was the case here, the Court may extend a deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). Moreover, when the Court has entered an order setting discovery deadlines, that schedule can only be modified for "good cause."  Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("good cause is shown when despite a party's diligence, the

deadlines could not reasonably have been met"). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

During a Rule 30(b)(6) deposition, the person designated to testify "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If that person does not have personal knowledge of the matters for examination, the organization must prepare the designee so that he can give knowledgeable and binding answers for the organization. *Babjak v. Arcelormittal USA, LLC*, No. 2:15-CV-40-JVB-PRC, 2016 WL 4191050, at *1 (N.D. Ind. Aug. 9, 2016); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 C 1531, 2011 WL 117048, at *1 (N.D. Ill. Jan. 12, 2011).

In this case, Defendant's designee for its 30(b)(6) deposition, Pete Bundy, did not have personal knowledge of many of the relevant topics. Bundy indicated that he was hired several months after the purchase of the vehicle disputed in this case. In addition to the four topics about which he did not testify, Bundy testified that no one from Defendant had prepared him to answer for the remaining topics. *See, e.g.,* Bundy Dep. 17:5-21 ("I would answer what I know and of the actual unit . . . I wouldn't say [anybody from Defendant] prepared me."), Bundy Dep. 36:5-9 ("Nobody prepared me."). In addition, Bundy apparently failed to review any communications between Plaintiffs and Defendant, which could have informed his responses as to the ten topics he did answer to, such as "any and all questions regarding the sale of the subject vehicle to [Plaintiffs]." Defendant nonetheless argues that Bundy's testimony on those ten topics satisfied its obligations under Rule 30(b)(6) as to those topics. Given the evidence in the record that Bundy did not have personal knowledge of the relevant topics and that Defendant did not prepare him, the Court will

3

not attempt to decide what testimony reflects appropriate preparation and what does not. Discovery will be extended to allow Plaintiffs to retake the deposition with an adequately prepared witness as to each of the fourteen topics.

Plaintiffs showed diligence in attempting to schedule the Rule 30(b)(6) deposition of Lippert, the non-party. Plaintiffs and Lippert engaged in a protracted debate over the date and scope of the exam, which apparently ended on June 15, 2018, when Plaintiffs stated that they would seek to add Lippert as a party. Plaintiffs filed a motion to amend their complaint on the same day. Discovery closed on June 29, 2018, while the motion was still pending. Plaintiffs could not have reasonably expected to add Lippert as a party, given that the deadline to file a motion to amend had passed long before Plaintiffs filed their motion, but the sequence of events demonstrates that Plaintiffs were at least trying to depose Lippert. Although Plaintiffs' diligence entitles them to an extension of the deadline, the Court does not take a position on the appropriate scope of the deposition or on whether Lippert has been released from the prior subpoenas and Notice of Deposition. The Court therefore urges Plaintiffs to either resolve those disputes quickly or timely file any appropriate motion so that any deposition of Lippert can proceed within the allotted time. The Court will also permit the deposition of Shannon Hunter, the non-party who is a former employee of Lippert, as agreed by the parties.

However, the Court will not permit Plaintiffs to use the disputed depositions to keep discovery open for undefined purposes. If Defendant, Lippert, and Hunter had behaved exactly as Plaintiffs wanted, their depositions would have been completed on June 22, 2018, a week before the discovery deadline. Plaintiffs likely would not have had time to schedule additional depositions. If Plaintiffs did seek additional time, they would have had to identify the witness or evidence and

4

demonstrate good cause with respect to that particular witness or evidence. That requirement still holds, and a general extension of discovery is therefore inappropriate.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiffs' Motion to Extend Discovery Deadline [DE 41]. The Court **ORDERS** that the close of fact discovery is extended to **October 30, 2018**, for the following limited purposes:

(1) The Rule 30(b)(6) deposition of Defendant, on all fourteen of the topics in Plaintiffs' original Notice of Deposition;

(2) The Rule 30(b)(6) deposition of Lippert, to the extent such a deposition is agreed or required by Court order;

(3) The deposition of Shannon Hunter.

The Court **REMINDS** the parties of the need to complete Court-ordered mediation and **EXTENDS** the deadline to complete mediation and file a report to **October 30, 2018**. To the extent the parties seek relief from this requirement, they should file the appropriate motion.

SO ORDERED this 30th day of August, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record